UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT M. THEISS
    Plaintiff,

v.                                              Case No. 8:08-cv-356-T-17MSS

GIOVE LAW OFFICE, P.C.,
    Defendant.
_____/

**ORDER GRANTING MOTION TO
SET ASIDE OR VACATE THE CLERK'S DEFAULT**

The case before the Court is defendant, Giove Law Office's, Motion to Set Aside or Vacate the Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(c). Doc. 9. Plaintiff, Robert Theiss, filed a response to this motion. Doc. 10. A review of the record indicates that, for the following reasons, the motion to vacate the entry of default should be **GRANTED.**

PROCEDURAL HISTORY

On February 21, 2008, plaintiff, Robert Theiss (Theiss), filed a complaint and demand for a jury trial against defendant, Giove Law Office, P.C. (GLO), in the U.S. District Court for the Middle District of Florida. Doc. 1. The claim alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and the State of Florida Consumer Collection Practices Act, § 559.72, Florida Statutes 2007 (State Act). Doc. 1 at 3-5. The court issued a summons as to GLO on that day.

Theiss served Rodney Giove, president of Giove Law Office, on March 26, 2008. Doc. 5. Return of service was filed with the court on April 8, 2008. Doc. 5. On April 16, Theiss filed a motion for default for failure to answer the complaint against GLO.

Doc. 6. On April 17, Theiss filed an amended motion for default for failure to answer the complaint and the previous motion, filed on April 16, was terminated. Doc. 7. On April 17, the clerk entered default against GLO. Doc. 8.

On April 25, GLO filed the present Motion to Set Aside or Vacate the Clerk's Default based on Fed. R. Civ. P. 55(c). Doc. 9. On April 29, Theiss filed a response opposing GLO's motion. Doc. 10.

## FACTUAL BACKGROUND

GLO is New York corporation engaged in debt collection. Doc. 1 at 1-2. Theiss's complaint relates to actions taken by the GLO towards Theiss, his mother, and his employer between June 2007 and November 2007. Doc. 1 at 2-3. Theiss seeks injunctive relief, actual and statutory damages, and attorney's fees. Doc. 1 at 5.

GLO received notice of the complaint on March 26, 2008. Federal Rules of Civil Procedure required GLO to answer or otherwise defend on or before April 15. Fed. R. Civ. P. 12(a).

During the week of April 14, 2008, Rodney Giove (Giove), president of GLO, contacted Theiss's counsel. Doc. 10 at 1. During the telephone conversation, Giove requested a settlement demand and an extension of time to answer the complaint. The following day, Theiss's counsel faxed GLO correspondence containing a settlement demand of $1,500,000.00 and a denial of the defendant's request for an extension of time. Doc. 9 at 11.

Concurrently, during the week of April 14, Giove contacted Sockol & Associates, P.A., regarding representation in the Theiss matter. Mr. Sockol, the attorney with whom Giove wished to speak, was out of town at the time. Giove contacted Theiss's counsel on

April 17, again requesting a time extension to consider the settlement offer and obtain representation. Doc. 9 at 12. Theiss continued to deny the time extension. Doc. 9 at 13. On April 17, pursuant to a motion by Theiss, the clerk's default was entered. Doc. 8.

On April 18, an associate at Sockol & Associates contacted Giove and informed him that Mr. Sockol would not be able to take any action regarding the case until Monday, April 21. Representation by Sockol & Associates was established on or about April 24. The present motion to set aside or vacate the entry of default was filed by the defendant and served upon the plaintiff on April 25, 2008.

## DISCUSSION

Federal Rule of Civil Procedure 55(a) permits an entry of default when "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The defendant's motion to set aside or vacate the default is based on Federal Rule of Civil Procedure 55(c), which allows the setting aside of an entry of default when "good cause" is shown. Fed. R. Civ. P. 55(c).

### Entry of Default

Federal Rule of Civil Procedure 12(a)(1) requires the defendant to serve an answer within twenty days of being served with the summons and complaint, unless the opposing party agrees to an extension. Fed. R. Civ. P. 12(a).

GLO was served on March 26, 2008, thus giving the firm until April 15, 2008, to file a timely answer with the court. Because GLO failed to do so, the clerk's entry of default was entered April 17. Doc. 8. This is in accord with Fed. R. Civ. P. 55(a), which authorizes clerk to enter a party's default "when a party against whom a judgment or

affirmative relief is sought has failed to plead or otherwise defend." The entry of a party's default precedes and is distinct from a default judgment. No default judgment has been entered in the present case.

### Setting Aside a Default

Federal Rule of Civil Procedure 55(c) allows the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a liberal, elastic standard that does not have a precise formula. Compania Interamaricana Export-Import, S.A. v. Compania Dominica De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) *citing* Coon v. Grenier 867 F.2d 73, 76 (1st Cir. 1989). The court looks at a number of factors, including whether the defaulted party was culpable or willful in their conduct, whether setting aside the default would prejudice the opposing party, and whether the defaulted party does not appear to have a meritorious defense. Compania, 88 F.3d at 951 *citing* Robinson v. U.S. 734 F.2d 735, 739 (11th Cir. 1984). Additional factors that may be considered are whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Id.

It is well within the discretion of the trial court to set aside an entry of default. Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993) *citing* Robinson v. U.S. 734 F.2d 735, 739 (11th Cir. 1984). The standard imposed on the defaulting party for setting aside an entry of default is different from and less burdensome than the standard for setting aside a default judgment. Barrett v. Citifiniancial Services, Inc., 2006 U.S. Dist LEXIS 27167 (M.D. Fla. 2006) *citing* EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1996). This Court requires a showing that:

(1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party had a meritorious defense. Woodbury, 152 F.R.D. 229, 236 *citing* Boron v. West Texas Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988). *See also* Fiske v. Publix Super Mkt., Inc., 2006 U.S. Dist. LEXIS 62077 (M.D. Fla. 2006).

When it is uncertain whether good cause exists, courts generally have found it appropriate for trial judges to exercise their discretion in favor of setting aside defaults so that cases may be decided on their merits. William H. Danne, Annotation, *What Constitutes "Good Cause" Allowing a Federal Court to Relieve Party of His Default Under Rule 55(c) of Federal Rules of Civil Procedure*, 29 A.L.R. Fed. 7 (1976). This Court, in setting aside an entry of default, has explicitly noted it prefers to decide cases on their merits. Sears, 152 F.R.D. 229, 236. *See also* Barrett, 2006 U.S. Dist. LEXIS 27167.

To determine whether "good cause" exists, the court applies four-part test listed above: whether there was excusable neglect, whether the defaulting party acted promptly upon notice of default, whether the non-defaulting party will be prejudiced by vacating the default, and whether the defaulting party has a meritorious defense to the claim.

GLO's conduct can be characterized as excusable neglect rather than particularly willful or culpable. It was remiss for Giove to wait until the day before the answer was due to contact counsel regarding the lawsuit. However, he requested a time extension to file an answer and Theiss repeatedly refused to grant the extension. Correspondence

between the parties shows GLO's need for a time extension was well known to Theiss. Doc. 9, 11-13.

Upon the entry of default by the clerk, GLO promptly enlisted counsel and filed the present motion to vacate the default. Moreover, Theiss will not be prejudiced by vacating of the default. Rather, resolving the case will merely be delayed. Finally, in their motion to vacate, GLO presented a number of potentially meritorious defenses to the allegations contained in Theiss's complaint.

The court favors allowing cases to be decided on their merits rather than on a technical or procedural basis. Barrett, 2006 U.S. Dist. LEXIS 27167. Vacating the default allows GLO, now represented by counsel, to file an answer addressing Theiss's allegations and move the case forward to be heard on its merits. Accordingly it is

**ORDERED** that Giove Law Office's Motion to Set Aside or Vacate the Clerk's Default be **GRANTED.** Doc. 9. Defendant has ten days from the entry of this order to respond to the complaint and the parties have thirty days to file a Case Management Report.

**DONE and ORDERED,** in Chambers, in Tampa, Florida this _5_ day of June, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

cc: All Parties and Counsel of Record